```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
  UNITED STATES OF AMERICA                                   :
                                                             :
                                                             :      14 Cr. 0055 (LGS)
                        -against-                            :
                                                             :      ORDER
  KENDRICK CHANDLER,                                         :
                                           Defendant.        :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Background**

WHEREAS, Defendant pleaded guilty to and was convicted of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, and on May 11, 2015, he received a below-guidelines sentence of 130 months imprisonment followed by three years of supervised release. Dkt. No. 485.

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.

WHEREAS, Defendant is confined at the Federal Correctional Institution, Fort Dix, New Jersey ("Fort Dix"), where, as of February 23, 2021, approximately 172 inmates and 38 staff members had active cases of COVID-19 and, 161 inmates had received both doses of the COVID-19 vaccine. *See COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus (last visited Feb. 24, 2021).

WHEREAS, Defendant is sixty-two years old, but does not have any medical conditions that put him at a heightened risk of infection or severe illness from COVID-19. Dkt. Nos. 802 and 807.

WHEREAS, on August 5, 2020, Indiana State Senator Eddie Melton provided a character reference for Defendant, stating that he considers Defendant "to be a great individual of strong

1

moral character and a good asset to the community," and that he looks "forward to continuing to work with him in [his] community upon [Defendant's] release." Dkt. No. 802-4.

WHEREAS, on September 3, 2020, Defendant's daughters Kendra Chandler and Chimera Dash provided letters regarding Defendant's positive role in their family.  Dkt. Nos. 802-5, 802-6.

WHEREAS, on October 21, 2020, Defendant sent a letter to the warden of Fort Dix, requesting compassionate release or reduction of sentence (Dkt. No. 802-2); the warden, by letter dated October 31, 2020, denied Defendant's request (Dkt. No. 802-3).

WHEREAS, on November 12, 2020, Defendant completed the first component of the B.O.P. Residential Drug Abuse Program ("RDAP").  Before completing RDAP in its entirety, Defendant was expelled from the program, based on staff allegations that he was difficult to work with and supervise.  Dkt. Nos. 802, 802-1, and 807.

WHEREAS, on January 29, 2021, Defendant tested positive for COVID-19.  Dkt. Nos. 802, 807.  Based on his B.O.P. medical records, he denied having symptoms, was monitored and recovered.  *Id.*

WHEREAS, Defendant has served approximately eighty-four months of his 130-month sentence.  Dkt. No. 802.

WHEREAS Defendant has earned B.O.P. certificates from social development classes, drug education treatment, parenting class and a Scores business course.  He has also earned a CDL driver's license.  Dkt. Nos. 802, 802-1.

WHEREAS, Defendant has received two disciplinary infractions while in prison -- one for possession of a phone in 2018 and the other for being in an unauthorized area in 2019.  Dkt. Nos. 807, 807-1 and 810.  In October 2020, he received a warning after an altercation with a cellmate, and in December 2020, he was sanctioned for an altercation with another inmate.  *Id*.

WHEREAS, on February 7, 2021, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on extraordinary and compelling circumstances including, (1) Defendant's health, (2) Defendant's age, and (3) the COVID-19 pandemic. Defendant requests that the Court resentence him to time served or change his sentence to home confinement on supervised release.

WHEREAS, on February 19, 2021, the Government filed an opposition (Dkt. No. 807) and on February 24, 2021, Defendant filed a reply (Dkt. No. 810).

**Exhaustion of Administrative Remedies**

WHEREAS, a defendant may move to reduce his sentence only after exhausting "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).

WHEREAS, the government concedes that Defendant has exhausted his administrative remedies.  Dkt. No. 807.

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13 ("Policy Statement"), provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent

with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020).  The Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction.  *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, the Centers for Disease Control ("CDC") has stated that as compared to adults between the ages of eighteen and twenty-nine, adults between the ages of fifty and sixty-four years old are four times more likely to be hospitalized and twenty-seven times more likely to die if they contract COVID-19.  *Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 18, 2021), https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html.

WHEREAS, the CDC has also stated that, "based on what we known from similar viruses, some reinfections [with COVID-19] are expected."  *COVID-19: Reinfection*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.  "The CDC is actively working to learn more about reinfection to inform public health action."  *Id*.

WHEREAS, Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19."  *United States v. Stephens*, 447 F. Supp. 3d 63, 65

4

(S.D.N.Y. 2020).

WHEREAS, courts in this district have declined to grant compassionate release to inmates who have tested positive for COVID-19, where the inmates did not exhibit a serious medical condition and were receiving medical care. *United States v. Zubkov*, 460 F. Supp. 3d 450, 454 (S.D.N.Y. 2020) (declining to grant compassionate release where inmate contracted COVID-19 during confinement, did not exhibit a serious medical condition and was receiving proper medical attention); *United States v. Marley*, 16 Cr. 374, 2020 WL 7768406, at *3 (S.D.N.Y. Dec. 30, 2020) (declining to grant compassionate release where inmate had chronic kidney disease, hypertension and a mild case of COVID-19, and noting that "the risk of contracting COVID-19 after having recovered from an initial bout of the illness is very low"); *United States v. Hardy*, 11 Cr. 629-5, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020) (denying compassionate release where inmate tested positive for COVID-19 but was receiving medical checks, did not have a fever and had normal vital signs); *United States v. Brady*, No. 18 Cr. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (denying compassionate release where conditions stable and managed in B.O.P. facility).

WHEREAS, Defendant's health condition and the risk of COVID-19 reinfection do not constitute extraordinary and compelling circumstances that warrant reducing his 130-month incarceratory sentence. Although Defendant is sixty-two years old and recently contracted COVID-19, his symptoms were mild, and he thankfully recovered. *See United States v. Blanco*, No. 16 Cr. 408, 2021 WL 706981, at *2 (Feb. 22, 2021) (finding that once inmate "ha[d] been diagnosed with the disease and weathered it, a sentence reduction based on the risk of contracting it no longer ma[de] sense," and noting that "reinfections are 'vanishingly rare'"). Defendant's B.O.P. medical records show that while he had COVID-19, his condition was monitored. Further, Defendant does

not have any additional medical conditions that put him at increased risk for severe illness from COVID-19, if he were to contract COVID-19 a second time.

WHEREAS, Defendant's desire to be with and assist his family in raising his grandchildren is not an extraordinary and compelling circumstance.  *See Blanco*, 2021 WL 706981 at *2 (finding that inmate's family's hardship in raising inmate's three children did not constitute an extraordinary and compelling circumstance); *United States v. John*, No. 15 Cr. 208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) (noting that separation from family and "the inevitable circumstances families face when a family member is incarcerated," are a "sad and inevitable consequence of incarceration").

WHEREAS, even if Defendant had provided an extraordinary and compelling justification for release, the § 3553(a) factors would outweigh that justification.

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment.  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).  While these factors serve as guidelines, a court may "consider the full slate of

extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, the factors set forth in section 3553(a) do not support a reduction in Defendant's sentence.  The serious nature of the offense, Defendant's history and the need for deterrence and non-recidivism remain unchanged.  Defendant played a central role in the conspiracy to distribute narcotics for which he was convicted.  He was a leader of one of the largest drug crews involved in the conspiracy, recruiting others to pose as patients to receive medically unnecessary oxycodone prescriptions, driving them to a pharmacy to have the prescriptions filled, paying for the prescriptions and then distributing the pills to drug dealers and addicts.  He pleaded guilty to the distribution of 3,180 30-milligram pills of oxycodone.  Dkt. Nos. 470 and 516.  In addition, based on prior convictions dating back to the 1970's, including two convictions for crimes of violence (including armed robbery) and five prior felony drug convictions, Defendant was designated under the Sentencing Guidelines as a career offender.  A substantial sentence is important to promote respect for the law, provide general and specific deterrence, and protect society from further crimes.  While Defendant's efforts to engage in education and vocational courses are commendable, he also received several infractions and a sanction, and was expelled from the RDAP program for poor behavior.  These factors weigh against release or reduction of sentence.  It is hereby

**ORDERED** that Defendant's motion for compassionate release or, in the alternative, reduction of his sentence is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Docket No. 802.

Dated: February 26, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**